775 A.2d 96

JOHN J. SPULER, PLAINTIFF–APPELLANT, v. DEPT. OF
HUMAN SERVICES, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 23, 2001—Decided May 21, 2001—Resubmitted
on Motion for Reconsideration April 23, 2001.

Before Judges KING, LEFELT and AXELRAD.

No brief was filed on behalf of appellant.

*John J. Farmer, Jr.*, Attorney General of New Jersey, attorney
for respondent (*Patrick DeAlmeida*, Deputy Attorney General, of
counsel; *Dennis J. Conklin*, Senior Deputy Attorney General, on
the brief).

The opinion of the court was delivered by

AXELRAD, J.T.C. (temporarily assigned).

John Spuler appealed a levy on his bank account by the State of
New Jersey Department of Human Services, Division of Family
Development, Office of Child Support & Paternity Programs—
FIDM Unit ("DHS") on December 18, 2000 for child support
arrears. Spuler filed a motion requesting that the levy be lifted
based upon a December 1, 2000 order from Camden County
Family Part Judge Louise Donaldson continuing the payment of
arrears at $100 per week. No response was filed by DHS.

On April 5, 2001 we issued an opinion, approved for publication,
transferring this matter to Judge Donaldson, continuing the levy
on Spuler's bank account pending further order of the Family Part
Judge, and directing her to hold a hearing within thirty-five days
on the issue of the arrears and the disposition of funds frozen by

the levy, with notice of the hearing to be provided by the court to the payee and obligor.

On April 12, 2001 the Senior Deputy Attorney General filed a motion for reconsideration of the portion of our order transferring the matter to the Superior Court, Chancery Division, Family Part. Counsel claimed that DHS did not file a response to the motion "because of an oversight on its part in failing to timely ascertain that a Notice of Deficiency issued by the Clerk of the Court had been cured by the appellant-movant." DHS requested that we grant reconsideration and either affirm the Department's final decision or, alternatively, permit the appeal to proceed.

We have considered the Senior Deputy Attorney General's arguments and reach the same conclusion as we did in our opinion of April 5, 2001 based on the facts of this case. We did not question or impair the integrity of the FIDM process, which we believe to be an efficient and effective enforcement procedure for the collection of child support arrears. We did not hold, as Spuler urged, that the December 1, 2000 Family Court order effectively voided the levy placed by FIDM on his bank account. Nor did we hold that there was any provision in the statutory scheme that requires or authorizes DHS to advise the payee of the child support of the levy, or otherwise to burden the payee with the necessity of participating in the enforcement action.

There was a recent court order specifically addressing the payment of support arrears in this matter. We directed a prompt hearing before the judge who set the order and is familiar with the facts of this case. There is no undue hardship to the payee as the res remains undisturbed pending the hearing and, in fact, the payee will receive any levied funds due on account of child support arrears in a shorter period of time than if we had permitted the appeal to proceed.